[940 NYS2d 873]

In the Matter of GEORGE R. ALDERDICE (Admitted as GEORGE ROBERT ALDERDICE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 27, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on application dated September 7, 2011, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District (hereinafter Grievance Committee) and other uncontroverted evidence of professional misconduct, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated April 4, 2011. That petition contains 14 charges alleging, among other things, that the respondent is guilty of engaging in conduct adversely reflecting on his fitness as a lawyer, by failing to maintain a sufficient balance in his attorney trust account, and by permitting a check to be dishonored in his attorney trust account due to insufficient funds; making withdrawals from his IOLA account other than in the required manner; engaging in conduct prejudicial to the administration of justice by failing to timely or completely cooperate with the Grievance Committee's investigation; failing to produce the bank and bookkeeping records required by Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d) in response to a subpoena for those records; breaching his fiduciary duties by failing to promptly pay or deliver to a client, as requested, funds in his possession that the client or third person was entitled to receive; and failing to keep his client reasonably informed about the status of the client's matter and failing to promptly comply with the client's reasonable request for information.

On September 16, 2011, the respondent was personally served with a copy of the decision and order on application dated September 7, 2011, together with notice of entry, as well as a copy of the verified petition dated April 4, 2011. More than 20 days have elapsed without an answer to the petition, as directed, or a request for an adjournment.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee's motion nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted on default, the charges in the verified petition are deemed

established, and, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, George R. Alderdice, admitted as George Robert Alderdice, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, George R. Alderdice, admitted as George Robert Alderdice, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, George R. Alderdice, admitted as George Robert Alderdice, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, George R. Alderdice, admitted as George Robert Alderdice, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).